**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 3 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

TAMALA M. ARY,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Case No.: 4:11-CV-0313BSM
                                  )
BNSF RAILWAY COMPANY,             )
                                  )
        Defendant.                )
                                  )        This case assigned to District Judge *Miller*
                                           and to Magistrate Judge *Volpe*

Serve: The Corporation Company
       124 W. Capitol Ave., Suite 1900
       Little Rock, AR 72201

---

## COMPLAINT

---

### Count I –FELA Negligence
### Occurrence of September 3, 2009

Tamala M. Ary ("the Plaintiff") brings this action for personal injuries she sustained while working for BNSF Railway Company ("the Defendant). For her Complaint, the Plaintiff, for her first cause of action, states as follows:

### The Parties, Jurisdiction, and Venue

1.      The Plaintiff brings this action for negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.*  This Court has jurisdiction under 45 U.S.C. § 56 and 28 U.S.C. § 1331.  Venue is proper in this Court under 28 U.S.C. § 1391(b).

2.      At all times relevant, the Plaintiff, was a resident of Thayer in Oregon County, Missouri, residing at 311 So. Second Street, Thayer, MO 65791.

3.     At all times relevant to this lawsuit, the Plaintiff was employed by the Defendant as a train conductor.

4.     The Defendant is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States.  At all times relevant to this Complaint, the Defendant has conducted business in the state of Arkansas.  The Defendant's registered agent for service of process appears in the caption of this Complaint.

## Facts that Support the Plaintiff's Claims

5.     On September 3, 2009, Plaintiff was employed by Defendant as a conductor. Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce and on September 3, 2009, Plaintiff was employed by and engaged with the Defendant in interstate commerce.

6.     On or about September 3, 2009, was so engaged in the performance of her duties, the train she was on encountered an unreasonably uneven and rough section of the track in the vicinity of mile post 436 in Truman, Arkansas..

7.     The locomotive's suspension and seating were not sufficient to protect Plaintiff from this unreasonably uneven and rough section of track.  The conductor's seat in which Plaintiff was sitting as the train encountered the uneven and rough section of track, became dislodged and Plaintiff was thrown up out of the seat and then hit hard back down on the seat frame.  The seat did not contain adequate support or cushioning.  Plaintiff suffered injuries to her neck, back, and the tissues, muscles, nerves, and structures of her neck and back.

8.     As a result of the incident, Plaintiff sustained severe injuries, which are permanent, painful and disabling, as will be more fully described below.

9.     Plaintiff's injuries occurred while she was acting in the course and scope of her employment.

## The Defendant's Liability

10.     At all times relevant to this Complaint, BNSF Railway Company had a legal duty to provide the Plaintiff with safe working conditions, safe equipment, and safe methods of work. *See* 45 U.S.C. §§ 51, *et seq.*

11.     Plaintiff's injuries were directly caused, in whole or in part, by the negligence of the Defendant, including in the following respects, to-wit: The Defendant negligently failed to furnish and provide Plaintiff with a reasonably safe place to work, reasonably safe conditions for work, and reasonably safe appliances for work in that Defendant, through its officers, agents, servants, and/or employees other than Plaintiff, negligently:

A.     Allowing the track and rail bed in the area at issue to become and remain in a defective and dangerous condition;

B.     Failing to reasonably maintain and repair the track and rail bed to prevent it from becoming in a defective and dangerous condition;

C.     Failing to reasonably inspect the track and rail bed in order to discover and prevent the creation of a defective and dangerous condition;

D.     Allowing the seat to become and remain in a defective and dangerous condition;

E.     Failing to reasonably maintain, inspect and repair the seat to discover and prevent the creation of a defective and dangerous condition;

F.     Failing to promulgate and enforce reasonable safety rules, customs, practices, policies, and procedures which would have required maintenance, repair and

inspection of its track and rail bed to ensure that the track and rail bed were safe for trains
to travel over;

  G. Failing to reasonably train, educate, and instruct its employees in the rules,
customs, practices, policies, and procedures reasonably necessary to ensure that
Defendant's track and rail bed were in proper and safe condition in order to prevent the
creation of a defective and dangerous condition;

  H. Failing to provide adequate warning to Plaintiff of impending danger as a
result of the existence of a defective and dangerous condition on the track and rail bed;

  I. Failing to provide a locomotive to Plaintiff with adequate shock
absorption to protect her from injury when encountering uneven and rough places in the
track and rail bed;

  J. Failing to provide a seat to the Plaintiff that could protect her from injury
when encountering uneven and rough places in the track and rail bed;

  K. Failing to promulgate and enforce reasonable safety rules, customs,
practices, policies, and procedures which would have required locomotives with adequate
shock absorption and seats with adequate protection to prevent injury to train crew
members when encountering uneven and rough places in the track and rail bed;

  L. Failing to promulgate and enforce reasonable safety rules, customs,
practices, policies, and procedures which would have required reasonable inspection,
maintenance, and repair of locomotives seats;

  M. Failing to reasonably train, educate, and instruct its employees in the rules,
customs, practices, policies, and procedures reasonably necessary to ensure that train

crews were provided with locomotives and seats that would protect them from injury

when encountering uneven and rough places in the track and rail bed.

12.     Defendant knew, or in the exercise of ordinary care should have known, that in

acting and failing to act as described in the preceding paragraph, it was reasonably likely that

employees, including Plaintiff, would be injured thereby.

13.     The Defendant's acts and omissions listed above constitute negligence.

14.     The injuries and damages alleged in Count I of this Complaint were caused in

whole or in part by the Defendant's negligence and violation of FELA.

## The Plaintiff's Damages

15.     As a direct result of the aforesaid negligence of the Defendant, Plaintiff sustained

injuries to her neck and back. In addition, Plaintiff sustained an aggravation to an asymptomatic

non-disabling, pre-existing condition in her neck. On account of said injuries, Plaintiff has

undergone extensive medical care and treatment, and Plaintiff will be required to seek medical

treatment in the future. These injuries have caused Plaintiff to obligate herself for the expenses

of medical care and treatment and Plaintiff will in the future be caused to obligate herself for the

expenses of medical care and treatment. As a result of said injury, Plaintiff has suffered and will

ever suffer severe physical pain and suffering and mental anguish. Because of said injuries,

Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for

the enjoyment of life in the future.

16.     As a result of said injury, Plaintiff has suffered and will ever suffer severe

physical pain and suffering and mental anguish. Because of said injuries, Plaintiff has lost

capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of

life in the future.

17.    Prior to these injuries, Plaintiff was a strong, able-bodied woman, capable of earning and actually earning over $5,100 per month. On account of these injuries, Plaintiff has lost her earnings and will in the future lose her earnings, which would be in excess of $5,100 per month, and her power to work and her power to work and labor and her earning capacity have been permanently weakened, diminished and impaired. As a direct result of the aforesaid injuries, Plaintiff has been caused to incur medical expenses associated with the treatment of her injuries and will in the future incur medical expenses associated with the treatment of her injuries. Also, as a direct result of these injuries, Plaintiff has suffered the loss of her fringe benefits and will in the future lose fringe benefits. Further, as a direct result of these injuries, Plaintiff has been unable to perform her usual and normal household services and will in the future be unable to perform such services.

## Request for Relief

15.    The Plaintiff seeks a judgment and award of damages in an amount that is fair and reasonable to compensate him for these injuries and damages listed in Count I of this Complaint, and for:  (a) all pre-judgment and post-judgment interest allowed by law; (b) all relief allowed under FELA not specifically requested in this Complaint; (c) for her costs to bring this action; and (d) for all other relief deemed just and proper in this Count I of Plaintiff's Complaint for Damages.

## Count II – Locomotive Inspection Act Claim
## Occurrence of September 3, 2009

Plaintiff, for her second cause of action against Defendant, states and alleges as follows:

## Parties, Jurisdiction, and Venue

16.    The Plaintiff brings this action for negligence under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.* , the Federal Locomotive Inspection Act, 49

U.S.C. §§ 20701, *et seq*, and the Federal Regulations promulgated pursuant to those acts.
Jurisdiction is proper pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1331.  Venue is proper in this
Court under 28 U.S.C. § 1391(b).

**Facts that Support Plaintiff's Claims**

17.     The Plaintiff re-alleges, adopts, and incorporates herein each and every allegation
of the statements contained in paragraphs numbered 1 through 15 of Count I of this Complaint,
the same as if said allegations and statements were herein set forth in their entirety.

**The Defendant's Liability**

18.     At all times relevant to this Complaint, the Defendant had a legal duty under
FELA to provide the Plaintiff with safe working conditions and safe methods of work.

19.     Defendant used on its line a locomotive that was not in proper condition and
which could not be safely operated without unnecessary danger of personal injury, including that
Defendant:

A.      Operated a locomotive that had a seat that did not provide reasonably safe
support and cushioning;

B.      Operated a locomotive that had a suspension that failed to provide
adequate protection to the occupants of the locomotive;

C.      Failed to reasonably maintain its locomotive in a reasonably safe condition
to avoid exposing employees, including Plaintiff , to the unreasonable dangerous seat and
suspension;

D.      Failed to reasonably inspect its locomotive, including the seat and
suspension, for the purpose of determining whether it was reasonably likely to expose
employees, including Plaintiff, to the unreasonably dangerous seat and suspension.

20.     Defendant's above described acts and omissions, in violation of the Locomotive Inspection Act, and federal regulations, including, without limitation 49 C.F.R. §§229.7, 229.21, 229.45 and 229.46-59, resulted in whole or in part in Plaintiff sustaining severe, painful and permanent injuries.

21.     The Defendant, in each of its negligent acts alleged in Count II of this Complaint, has violated the FELA.

## The Plaintiff's Damages

22.     As a direct result of the aforesaid negligence of the Defendant, Plaintiff sustained injuries to her neck and back. In addition, Plaintiff sustained an aggravation to an asymptomatic non-disabling, pre-existing condition in her neck. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future. These injuries have caused Plaintiff to obligate herself for the expenses of medical care and treatment and Plaintiff will in the future be caused to obligate herself for the expenses of medical care and treatment. As a result of said injury, Plaintiff has suffered and will ever suffer severe physical pain and suffering and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

23.     Prior to these injuries, Plaintiff was a strong, able-bodied woman, capable of earning and actually earning over $5,100 per month. On account of these injuries, Plaintiff has lost his earnings and will in the future lose his earnings, which would be in excess of $5,100 per month, and her power to work and her power to work and labor and her earning capacity have been permanently weakened, diminished and impaired. As a direct result of the aforesaid injuries, Plaintiff has been caused to incur medical expenses associated with the treatment of her

injuries and will in the future incur medical expenses associated with the treatment of her injuries. Also, as a direct result of these injuries, Plaintiff has suffered the loss of her fringe benefits and will in the future lose fringe benefits. Further, as a direct result of these injuries, Plaintiff has been unable to perform her usual and normal household services and will in the future be unable to perform such services.

### Request for Relief

24.     The Plaintiff seeks a judgment and award of damages in an amount that is fair and reasonable to compensate her for these injuries and damages listed in this Complaint, and for: (a) all pre-judgment and post-judgment interest allowed by law; (b) all relief allowed under FELA not specifically requested in Count II of this Complaint; (c) for her costs to bring this action; and (d) for all other relief deemed just and proper in this Count II of Plaintiff's Complaint.

### Jury Trial Demand

25.     The Plaintiff demands a trial by jury for all issues so triable in this lawsuit in Counts I and II of this Complaint. Fed.R.Civ.P. 38(b).

Respectfully submitted,

HUBBELL PEAK O'NEAL NAPIER & LEACH
By:

G. MICHAEL O'NEAL, MO Bar No. 20404
Union Station
30 West Pershing Road, Suite 350
Kansas City, MO 64108-2463
Telephone:     816-221-5666
Facsimile:     816-221-5259
Attorneys for Plaintiff
moneal@hubbellfirm.com